UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARTHUR VANDERHOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:11-cv-01603-WTL-MJD |
| SEILER & ASSOCIATES LLC, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION ON PLAINTIFF'S
### MOTION FOR THE AWARD OF ATTORNEY'S FEES

Plaintiff Arthur Vanderhoff filed a Motion for the Award of Attorney's Fees and Costs. [Dkt. 19.] Defendant Seiler & Associates LLC opposed the motion and a hearing was held. The Honorable William T. Lawrence, District Judge designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the motion.

### I.   Procedural History

In this cause, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., during the process of collecting on a consumer debt. Plaintiff, as the successful party based on his acceptance of Defendant's Offer of Judgment, seeks an award of attorney's fees and costs under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3).

In the motion, Plaintiff seeks $6,888.75 for attorney time (25.05 hours at $275.00 per hour), $618.75 for paralegal/law clerk time (8.25 hours at $75.00 per hour), and $350.00 in costs and litigation expenses for a total of $7,857.50. [Dkt. 19.] [1] Defendant does not generally oppose

---

[1] At the hearing on Plaintiff's Motion, Plaintiff's counsel voluntarily struck the December 5, 2011 time entry for .75 hours of attorney time ($206.25) for filing the case. Therefore, Plaintiff now seeks a total of $7,651.25.

the award of attorney's fees and costs, but objects to certain time calculations and entries as unreasonable or unnecessary.

## II.   Legal Standards

The FDCPA provides for an award of "a reasonable attorney's fee" to the prevailing party. 15 U.S.C. § 1692k(a)(3). The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d 747, 748-749 (7th Cir. 2010). The Supreme Court has recognized that the lodestar method—the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation—yields a fee amount that is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986); *Gastineau*, 592 F.3d at 748. The Court may exercise flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748. The party seeking the fee award bears the burden of proving the reasonableness of the hourly rate claimed and the hours that were worked. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir.1999).

## III.   Discussion

### A. Reasonableness of Hourly Rates

Defendant objects to Plaintiff's counsel's hourly rate of $275.00 as unreasonably high. Generally, a reasonable hourly rate is based on what the attorney charges and receives in the market from paying clients for the same type of work. *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). Plaintiff bears the burden of producing satisfactory evidence that the hourly rate is reasonable and in line with those prevailing in the community. *Pickett v. Sheridan Health Care*

*Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). If Plaintiff satisfies this burden, the opposing party must offer evidence setting forth "a good reason why a lower rate is essential." *Id.* (internal quotation and citation omitted). Plaintiff's counsel Warren Nerz explained at the hearing that because the majority of his work involves fee shifting statutes, he does not typically receive fees directly from clients. Therefore, he did not have evidence of receiving an hourly rate of $275.00 from paying clients.

The "next best evidence" of an attorney's market rate may be evidence of fee awards the attorney has received in similar cases. *Spegon*, 175 F.3d at 555; *Jeffboat, LLC, v. Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 491 (7th Cir. 2009) ("a previous attorneys' fee award is useful for establishing a reasonable market rate for similar work"). Mr. Nerz indicated he has not received a fee award because has been able to settle prior FDCPA fee issues. However, several courts in this District have awarded attorney fees at an hourly rate of $250.00 in similar cases. *See Young v. Accounts Recovery Bureau*, 2012 WL 3764014 (S.D. Ind. 2012); *Mundy v. Accounts Recovery Bureau*, 2012 WL 3764034 (S.D. Ind. 2012); *Todd v. Accounts Recovery Bureau*, 2012 WL 3764039 (S.D. Ind. 2012). In each of those cases, Indianapolis attorney John Steinkamp represented the plaintiffs.

Mr. Nerz argued at the hearing that his rate should be higher than Mr. Steinkamp's because he has more experience in this type of practice. For example, Mr. Nerz asserted he has practiced law for a longer period of time than Mr. Steinkamp and is a frequent speaker on bankruptcy issues in local continuing legal education seminars. The Court agrees that while both attorneys are highly qualified in FDCPA cases, Mr. Nerz may have slightly more experience than Mr. Steinkamp. However, since the majority of courts in the District have awarded attorney fees

at a rate of $250.00 or less, the Court is unable to justify an hourly rate of $275.00. The Court finds that an hourly rate of $260.00 for Mr. Nerz is reasonable.

### B. Reasonableness of Hours Expended

Having determined a reasonable hourly rate, the Court must then assess the attorney's time entries to exclude any hours deemed "'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court will specifically address the objections raised by Defendant and provide an independent assessment of the reasonableness of certain time entries. Defendant challenges charges of time related to: (1) legal research of the FDCPA claim; (2) clerical tasks; and (3) general inefficiencies. Each of these challenges is addressed below.

### 1. *Legal Research of FDCPA claim*

Defendant objects to a June 8, 2011 time entry for 6.0 hours billed at the paralegal/law clerk rate of $75.00/hour for research into FDCPA violations. Defendant maintains the FDCPA issue in the case (failure to send a validation letter) was straight forward and did not warrant six hours of research. Plaintiff argued at the hearing that unique facts in the case concerning a change in ownership of the collection agency justified additional due diligence prior to filing the lawsuit. Both parties have valid points; however, the Court does not need to resolve this dispute because the time entry is objectionable for an alternative reason. At the hearing, the Court inquired as to the qualifications of the person who performed the research, listed as "Kris" on the billing invoice. Mr. Nerz responded that "Kris" is his daughter, who often works for him and is now a second year law student. At the time of the research, however, she had not yet started law school. The Court finds that while performing legal research is a good educational tool for a

soon-to-be law student, Plaintiff's counsel cannot justify charging a paralegal/law clerk rate for the work of a person with no formal legal training.  Therefore, the Court disallows the June 8, 2011, time entry for 6.0 hours of legal research.

    2. *Billing for Clerical Tasks*

Defendant also generally objects to time entries that bill for "clerical" tasks.  For example, Defendant asserts the time entries for January 28, 2012 and February 12, 2012 include items of a clerical nature.  Typically, clerical or secretarial tasks should not be included as part of an award of attorney's fees.  *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999).  The two entries at issue are as follows:

- January 28, 2012:   .50 hours of attorney time to "Review status of file. Check service. Memo to BM re locate green card for the summons sent to MN. Update status of file."

- February 12, 2012:   .30 hours of attorney time to "Review status of file. Memo to LB re check service re summons to MN office."

Clerical tasks are the type of services not normally billed to a paying client because they contribute little if anything toward the furthering of the client's case.  *See id*.  Courts in this District have determined clerical tasks to include activities such as delivering and receiving mail, travel to and from court to file documents, preparing documents for mailing or faxing documents.  *See Prentiss v. Midland Credit Management, Inc*., Cause No. 1:11-cv-00032-LJM-TAB; *Young*, 2012 WL 3764014 (S.D. Ind. 2012).  The January 28 and February 12 time entries indicate reviewing and updating the client's file.  The Court cannot conclude this is "clerical" work and therefore will allow these entries.  Upon an independent review of the billing invoice, the Court did not identify any purely clerical entries.

   3.  *General Inefficiencies*

Defendant also objects to several time entries as reflecting excessive time for an attorney with the skill and expertise of Mr. Nerz, particularly in light of his request for an hourly rate of $275.00.  Defendant argues that Mr. Nerz's high hourly rate should equate to a high degree of efficiency.  The Court agrees that expectations for efficiency are high due to Mr. Nerz's experience and the high volume nature of this type of litigation.  *See LeMieux v. Guy*, 2006 WL 626515 (S.D. Ind. 2006).  However, as Mr. Nerz asserted at the hearing, a significant amount of attorney fees were incurred because Defendant failed to engage in the settlement process early in the litigation.  Defendant's counsel argued that this was not a complicated case because the FDCPA violation was apparent. Yet Defendant, itself a collection agency, refused to communicate with Mr. Nerz for several months prior to hiring counsel.  Much of the expense incurred between February and June 2012 could have been avoided by a timely response from Defendant.

Upon consideration, the Court reduces the following time entries to an amount it deems more reasonable:

| Date | Description | Time Spent | Time Allowed | Rate | Reduction |
|---|---|---|---|---|---|
| 11/16/2011 | Draft appearance, summons and federal civil cover sheet. | .75 | .40 | $260.00 | $91.00 |
| 11/16/2011 | Review research. Draft FDCPA complaint. | 2.25 | 1.75 | $260.00 | $130.00 |
| 12/19/2012 | Research re attorney's fee issue.  Begin draft of Motion for Attorney's fees, Curriculum Vitae of C. Warren Nerz, and Affidavit of C. Warren Nerz | 1.75 | 1.5 | $260.00 | $65.00 |
| 12/20/2012 | Complete draft of Motion for Attorney's fees, curriculum vitae of CWN, and Attorney's Fee Affidavit | 1.25 | 1.0 | $260.00 | $65.00 |

## IV.    Conclusion

As noted above, Plaintiff requests a total award of $7,651.25, including $6682.50 for attorney time (24.3 hours at $275.00 per hour), and $618.75 for paralegal/law clerk time (8.25 hours at $75.00 per hour) and $350.00 in costs.

For the reasons stated above, the undersigned reduces the hourly rate for attorney time from $275.00 to $260.00 and makes the specified deductions from Plaintiff's request for fees. As a result, the Court awards $6135.75 in fees associated with the billing invoice attached to the Attorney's Fee Affidavit of C. Warren Nerz and $350.00 in costs for a total award of $6,485.75.

Any objections to this report and recommendation must be filed with this Court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

Date:   02/06/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

C. Warren Nerz
cwnerz@nerzwalterman.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com